FILED

SEP - 5 2023

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )        Case No. 1:23CR00033 SNLJ (ACL)
        v.                   )
                             )
NOAH CHURCH,                 )
                             )
        Defendant.           )

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1.    **PARTIES:**

The parties are the defendant, Noah Church, represented by defense counsel Amanda Altman, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2.    **GUILTY PLEA:**

**The Plea:**    Pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the charge made in the Indictment: Sexual Exploitation of a Minor, the government agrees that no further federal prosecution will be brought in this District relative to the defendant's violations of federal law of which the government is aware at this time.

1

**The Sentence**:   As part of this agreement, the government will recommend a sentence of twenty years (240 months) imprisonment, while the defendant remains free to recommend the mandatory minimum sentence of 15 years (180 months) imprisonment.   The defendant also agrees to forfeit to the United States all property subject to forfeiture under the applicable statute(s), and the defendant knowingly and voluntarily waives any right, title, and interest in all electronic items (including all data contained therein) seized by law enforcement officials during the course of their investigation.   The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.   **ELEMENTS**:

As to the charge made in the Indictment, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Sexual Exploitation of a Minor include:

*One*,   the defendant knowingly used a minor to engage in sexually explicit conduct;

*Two*,   the defendant acted with the purpose of producing a visual depiction of such conduct; and

*Three*, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

4.   **FACTS**:

The parties agree that a summary of the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to § 1B1.3:

2

In April of 2022, the Federal Bureau of Investigations (FBI) began conducting an undercover investigation involving the sexual exploitation of a child by utilization of an online chat forum on KIK Messenger with a subject later identified as Noah Church. The username for Church was identified as "LittleBois123." FBI Special Agent Sam Moore was conversing with "LittleBois123" via Kik Messenger where "LittleBois123" was discussing having sexual contact with his cousin when his cousin was between the ages of 3 and 5 years old. On April 18, 2022, "LittleBois123" sent 6 images to Special Agent Moore of a child's penis and disclosed they were images of his cousin. The six images were closeup images of a prepubescent penis with the clothing manipulated to expose the penis. There were additional images sent of the child's face. "LittleBois123" also "chatted" about having sexual contact with his cousin when he would babysit him, including licking the child's penis and getting an erection while doing so. "LittleBois123" disclosed that his name was Noah and that he was 20 years old and lived in Missouri.

An investigative subpoena identified the location of "LittleBois123" at a residence in Ste. Genevieve County, Missouri. On June 8, 2022, a search warrant was executed at the residence of Noah Church, where he lived with his parents. Numerous electronic devices were seized. Additionally, officers located photographs of the same child as was depicted in the child pornography images in Noah Church's bedroom along with clothing items Noah Church wore in photos shared online. The child in the images was identified by the child's parents and confirmed to be a cousin of Noah Church.

In June of 2023, the FBI was able to open the password protected cellular phone of Noah Church. A forensic examination of the device turned up thousands of images of child pornography on Church's device.

3

By this plea, Church admits that he knowingly used a prepubescent male child, a person less than eighteen (18) years of age, to engage in sexually explicit conduct, and that he did so for the purpose of producing visual depictions of that conduct. Further, the visual depictions were produced using materials that had been shipped or transported in interstate or foreign commerce.

5.    **STATUTORY PENALTIES**:

The defendant fully understands that, pursuant to 18 U.S.C. § 2251(e), the penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment for not less than fifteen (15) years and not more than thirty (30) years, a fine of not more than $250,000, or both such imprisonment and fine. The Court must also impose a period of supervised release of not less than five years and up to life.

6.    **U. S. SENTENCING GUIDELINES:    2021 MANUAL**

The Defendant understands that the offenses are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties have no agreement as to the applicability of any provision of the Sentencing Guidelines, except for acceptance of responsibility.

**a.   Chapter 3 Adjustments:**

**(1)   Acceptance of Responsibility:** The parties agree that up to three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the Defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the Defendant's intention to plead guilty. The parties agree that the Defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the Defendant which it believes

4

are inconsistent with Defendant's eligibility for this deduction, the Government may present said
evidence to the court, and argue that the Defendant should not receive all or part of the deduction
pursuant to Section 3E1.1, without violating the plea agreement.

**b.   Criminal History:**   The determination of the Defendant's Criminal History Category
shall be left to the Court.   Either party may challenge, before and at sentencing, the finding of the
Presentence Report as to the Defendant's criminal history and the applicable category.   The
Defendant's criminal history is known to the Defendant and is substantially available in the
Pretrial Services Report.

**c.   Effect of Parties' U.S. Sentencing Guidelines Analysis:**   The parties agree that the
Court is not bound by the Guidelines analysis agreed to herein.   The parties may not have
foreseen all applicable Guidelines.   The Court may, in its discretion, apply or not apply any
Guideline despite the agreement herein and the parties shall not be permitted to withdraw from
the plea agreement.

7.   **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**:

a.   **Appeal**:   The defendant has been fully apprised by defense counsel of the
defendant's rights concerning appeal and fully understands the right to appeal the sentence under
Title 18, United States Code, § 3742.

(1)   **Non-Sentencing Issues**:   The parties waive all rights to appeal all non-
jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial
motions, discovery and the guilty plea.

5

(2) **Sentencing Issues**:   In the event the Court imposes a sentence no greater than 20 years (240 months) imprisonment, then both parties hereby waive the right to appeal any and all sentencing issues.

b.      **Habeas Corpus**: The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c.      **Right to Records**:   The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case.

8.      **OTHER**:

a.      **Disclosures Required by the United States Probation Office**:   The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

b.      **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies**:

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c.      **Supervised Release**:      Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and

that defendant not maintain a post office box.   In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   The defendant shall comply with all requirements of federal and state sex offender registration laws.   With the exception of the sex offender registration requirement, this agreement is not intended to prevent the defendant from asserting any rights with respect to the conditions of supervised release actually imposed at the time of his release.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere.   Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.   The defendant understands that parole has been abolished.

d.   **Mandatory Special Assessment**:  This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100, which the defendant agrees to pay at the time of sentencing.   Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment. Pursuant to 18 U.S.C. § 2259(a)(1), the Court may impose an additional assessment of not more than $17,000.00 on a defendant convicted of an offense involving the possession of child pornography.   Additionally, 18 U.S.C. § 3014 provides for a mandatory assessment in the amount of $5,000.00 on any non-indigent person convicted of

7

an offense under chapter 110, including child pornography offenses.

      e.    **Possibility of Detention**:   The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

      f.    **Fines, Restitution and Costs of Incarceration and Supervision**:

The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.   The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.   Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).   Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss.   The defendant agrees to provide full restitution to all victims of all charges in the indictment.

      g.    **Forfeiture:**   The defendant agrees to forfeit all of the defendant's interest in all items seized by law-enforcement officials during the course of their investigation.   The defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the government and to rebut the claims of nominees and/or alleged third party owners.   The defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9.    **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions

to suppress evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the entire case against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri

state law.   Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel.   The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.   Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.   In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.   The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11.   **CONSEQUENCES OF POST-PLEA MISCONDUCT**:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term

10

of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA**:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring, or as set forth in Paragraph 2 of this agreement.

9/5/23
Date

JULIE A. HUNTER
Assistant United States Attorney

9/5/23
Date

NOAH CHURCH
Defendant

9/5/23
Date

AMANDA ALTMAN
Attorney for the Defendant

11