IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:23CR00033 SNLJ (ACL) |
| NOAH CHURCH, | ) |
| Defendant. | ) |

### DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE/VARIANCE

Under §5H1.1, the court may grant a downward departure for age, including youth. The considerations for age can be assessed, individually or in combination with other offender characteristics, if they are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. In addition, the court may grant a downward departure for mental and emotional conditions under §5H1.3.

When Noah was arrested for this offense, it was a day before his 21st birthday. When he took the photographs, he was merely 19. The World Health Organization defines adolescence as any person between the ages of 10 and 19. *Csikszentmihalyi, Mihalyi. "adolescence". Encyclopedia Britannica, 2 Nov. 2023, https://www.britannica.com/science/adolescence. Accessed 27 November 2023.* Studies have shown that brains continue to mature and develop throughout childhood and adolescence and well into early adulthood. *American Academy of Child and Adolescent Psychiatry, 2023.* [https://www.aacap.org/AACAP/Families_and_Youth/Facts_for_Families](https://www.aacap.org/AACAP/Families_and_Youth/Facts_for_Families). The

frontal cortex, the area of the brain that controls reasoning and helps us think before we act, develops later. *Id.* Adolescents are more likely to act on impulse and engage in dangerous or risky behavior, and less likely to pause to consider the consequences of their actions or change their dangerous or inappropriate behavior. *Id.*

In addition, Noah has been hospitalized for mental health issues on two separate occasions. PSR 57. These hospitalizations are atypical for a teenager. He was diagnosed with major depressive disorder, intermittent explosive disorder, and oppositional defiance disorder in 2017. *Id.* At the time of this offense, he was not taking any medication for his mental health.

Noah is a quiet young man who is hesitant to speak candidly about this offense or his internal struggles. However, he admits to the court that his attraction to minor children began at approximately the age of 16. He believes these feelings contribute to his mental health commitments and his mental health diagnoses. Those commitments correspond to the time period when he first felt the attraction. He acknowledges that he did not know what to do or who to ask for help so he exhibited bouts of anger.

He describes his emotional state from the age 16 to when he was incarcerated as phases. There was confusion as to whether what he was feeling was real. Then there was self-loathing. There was guilt. There was anger. There was helplessness and loneliness.

He admits that he went online anonymously and spoke with strangers about these feelings. He asked strangers what he should do, how he can get help. Some had no advice while others told him that he needed to speak with a therapist. He

was scared. How does someone approach a therapist about these feelings? How does one admit face to face these horrible thoughts? Would they report him to police? Would he get in trouble? Would they tell his parents? Would people consider him a monster? All of these questions raged in his head.

Truth be told, his feelings are mixed with regard to being charged with this offense. On one hand, his family now knows. When issues arise in the future, he has a support system to help. He no longer has to hide his personal struggles. While his family does not approve of Noah's actions, they remain supportive and believe that he can change.

Because of this charge, he will not have access to the internet to be tempted to look up child pornography for a long period of time until he can prove himself trustworthy to access the internet again. And, he will have access to sex offender treatment and counselling both in and out of custody to assist him in overcoming these thoughts. He will finally have a therapist in which to have a forthright conversation.

But, on the other hand, he is but 22 years old. He will be incarcerated a minimum of 15 years for his actions. At 85% of his sentence, his actual time incarcerated would be 12.75 years. It is believed that upon sentencing for his federal offense that Ste. Genevieve will dismiss their pending state charges. In that event, Noah will receive credit for the time he has spent in custody since June of 2022. So, Noah will not even be eligible for release until 2035. At that time, he will already be 33 years old. And, even upon release, he will be subject to 5 years to lifetime supervision, in addition to lifetime registration as a sex offender. Because he did not ask for help, his actions have led to consequences that will affect the

remainder of the long life ahead of him.

The prevalence of offending tends to increase from late childhood, peak in the teenage years and then decline in the early 20's. This bell-shaped age trend, called the age-crime curve, is universal in Western populations. Farrington, David P., "Age and Crime," in *Crime and Justice: An Annual Review of Research*, vol. 7, eds. Michael Tonry and Norval Morris, Chicago, Ill.: University of Chicago Press, 1986: 189-250; Piquero, Alex R., David P. Farrington, and Alfred Blumstein, *Key Issues in Criminal Career Research: New Analyses of the Cambridge Study in Delinquent Development*, Cambridge, U.K.: Cambridge University Press, 2007. Even with the minimum sentence in this matter, Noah would be at the receding end of that bell curve. At the age of this offense conduct, he was at the top of that curve.

His hopes for the future are: that he can lead a normal life upon his release; that he can earn his GED while in the Bureau of Prisons; and that he can pursue vocational training in either a CDL program or other area that he finds enjoyable. He is anxious to start counselling and treatment, both while incarcerated and on supervision. Most importantly, he just wants to lead a successful and productive life outside of prison as soon as he can.

He is asking for a sentence of 180 months, the mandatory minimum for this offense for the reasons set forth in this sentencing memorandum and those listed in the PSR. A sentence of 180 months is a downward departure/variance from whatever guideline range that this Honorable Court determines to be correct. Counsel would submit that a sentence set forth in this sentencing memorandum is a sentence sufficient but not greater than necessary to provide punishment, respect for the law, generally deter others, and specifically Noah from future misconduct.

Respectfully submitted,

/s/Amanda L. Altman
Amanda L. Altman, #59291MO
Assistant Federal Public Defender
325 Broadway, 2nd Floor
Cape Girardeau, Missouri 63701
Telephone: (573) 339-0242
Fax: (573) 339-0305
E-mail: Amanda_Altman@fd.org

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the United States Attorney's Office.

/s/Amanda L. Altman
Amanda L. Altman